IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MITHUN BANERJEE,**

     Plaintiff,

v.

**STATE DEPARTMENT OF ASSESMENTS
AND TAXATION,**

     Defendant.

Civil No. **23-01051 PJM**

---

**MITHUN BANERJEE,**

     Plaintiff,

v.

**PNC BANK, NATIONAL ASSOCIATION**

     Defendant.

Civil No. **23-1697 PJM**

---

**MITHUN BANERJEE,**

     Plaintiff,

v.

**PNC BANK, NATIONAL ASSOCIATION**

     Defendant.

Civil No. **23-1730 PJM**

1

MITHUN BANERJEE,

    Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION

    Defendant.

Civil No. **23-1794 PJM**

MITHUN BANERJEE,

    Plaintiff,

v.

TIMOTHY P. BRANIGAN

    Defendant.

Civil No. **23-1932 PJM**

## MEMORANDUM OPINION

On July 19, 2023, the Court entered an Order directing the Bankruptcy Court not to process any of the above-captioned five appeals Mithun Banerjee (MB) has taken to this Court from the Bankruptcy Court, unless and until he pays the filing fee ($298) required for each appeal. On August 23, 2023, the Court wrote an Opinion explaining why it had issued that directive[1].

---

[1] Before the Court issued its explanatory Opinion, MB placed what can only be described as an angry phone call to the chambers of the undersigned, alleging to a member of the Court's staff, among other things, racial discrimination on the part of the Court. MB was directed and warned by direct memorandum from the Court, dated July 26, 2023, not to make threats of any kind nor to have any future direct contact with chambers. The Court, of course, denies that it has at any time acted with any discrimination against MB, racial or otherwise.

2

MB originally sought to proceed with these appeals without paying the appropriate filing fees (IFP), and now asks the Court to reconsider its Opinion, once again suggesting that, in one fashion or another, he has been discriminated against. He asks the Court to accept his own recently amended Financial Statement, somewhat more complete than the financial statements he originally filed with the Bankruptcy Court, asking the Court to limit its consideration of his alleged impoverishment based solely on his own statement. Directing him to submit documentation in support of his request that appeals fees in all five of his appeals be waived, he submits, treats him unequally vis-a-vis other bankruptcy filers and denies him Equal Protection of the Law.

But MB is not a typical bankruptcy filer. He has filed multiple appeals from Bankruptcy Court decisions to this Court and from this Court to the Court of Appeals (See the summary of appeals listed in Attachment B to Court's Opinion dated August 23, 2023). Each MB appeal, as the Court noted, involves hours of preparation on the part of the Clerk of the Bankruptcy Court, opposing counsel, the Clerk of the District Court, and Judges of the District Court. Remarkably, MB's unvarying requests to proceed without paying the requisite appeals fees have been routinely granted by other judges. This Court, faced with five recent MB appeals, has taken a different stance.

Reviewing several of MB's recent financial filings in the Bankruptcy Court, the Court found them to be not only extraordinarily incomplete; they were essentially incredible. For instance, he listed virtually no income from what appear to be as many as three rental properties. He listed no other substantial income nor any other assets at all. And he listed no assets or income at all for his wife, the co-owner of record of his three rental properties.

3

It was for those reasons that the Court, in its Opinion of August 23, 2023, directed MB to provide documents in support of his claim of impoverishment – e.g. tax returns, financial statements, and the like. He was given 30 days to do so, extended for 30 more days. He now declines to provide any such documents. Nor does he address in any way the Court's holding, following the Seventh Circuit case of *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976 (7th Cir. 2020), that a Chapter 13 bankrupt must show "extraordinary reasons" why he should be able to take appeals IFP.

Principally for this latter reason, but as well because he has declined to provide any of the requested documentary backup, the Court concludes that MB is not entitled to proceed IFP as to these appeals. Accordingly, his five appeals will be **DISMISSED**.

Insofar as MB wishes to have this decision reviewed by the Fourth Circuit, it will be up to him to convince that court that, not only should he be able to appeal this immediate decision of the Court without payment of the appeals fee to the Fourth Circuit, but he must also convince the Fourth Circuit that this Court has erred in denying him IFP status in his five appeals.

A separate Order will issue.

Date: November 3, 2023

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**